UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN DREAM ENTERPRISES
CORP.,

                Plaintiff,

   -against-

MANA PRODUCTS, INC. d/b/a YOUR
NAME PROFESSIONAL BRANDS,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-3354 (FB) (RML)

*Appearances:*
*For the Plaintiff:*
GERALD M. HERTZ, ESQ.
Gerald M. Hertz & Associates, P.C.
74-09 37th Avenue
Suite 303
Jackson Heights, NY 11372

*For the Defendant:*
RANDY M. FRIEDBERG, ESQ.
CHRISTINE WING-SEI WONG, ESQ.
Olshan Grundman Frome Rosenzweig &
Wolosky LLP
65 East 55th Street
New York, NY 10022

**BLOCK, Senior District Judge:**

        Before the Court is the appeal of plaintiff American Dreams Enterprises Corp. ("American") from the ruling of magistrate judge Robert M. Levy denying the reopening of discovery. For the reasons discussed below, the Court affirms.

**BACKGROUND**

        On July 11, 2006, American filed its complaint, alleging that defendant Mana Products, Inc. ("Mana") had "breach[ed] . . . express and implied warranties" by defectively printing a logo on certain cosmetics products developed by American. Compl. ¶ 11. During discovery and pre-trial proceedings, American repeatedly failed to respond to document requests and missed court-ordered deadlines. *See, e.g.*, Docket Entry #9 (June 13, 2007 Letter from Randy M. Friedberg) at 2-3; Docket Entry #20 (Dec. 28, 2007 Letter

from Christine W. Wong) at 1; Docket Entry #23 (Jan. 17, 2008 Letter from Randy M. Friedberg) at 1-3.

Discovery closed on June 30, 2007, as per the scheduling order issued by Magistrate Judge Levy. As of that date, American had disclosed two potential witnesses, George Houraney and Jill Harth, and advised that it intended to retain the services of an expert witness. American was unable to find an expert who was willing to testify, and never advised the Court or Mana of any additional witnesses prior to the close of discovery. On July 11, 2007, in a conference before Magistrate Judge Levy, both parties acknowledged that discovery was closed. *See* Docket Entry #13 (Minute Entry for Proceedings). American did not seek an extension of the discovery cutoff or indicate that it intended to submit further evidence.

According to American's principal, in April or May 2007, before the close of discovery, American decided to seek "regular individuals" (i.e., non-experts) to use American's cosmetics and submit affidavits regarding the impermanency of the logos printed on the products. Houraney Aff. ¶¶ 8-9. The affidavits from these "regular individuals" were collected beginning in August 2007. American informed no one of its intentions to rely on these affidavits until November 16, 2007 – four and a half months after the close of discovery, and approximately three months after it had begun collecting the affidavits – when, in a conference with the Court, American first mentioned the affidavits. *See* Docket Entry #18 (Minute Entry for Proceedings). Mana subsequently objected to the belated introduction of these affidavits.

On May 15, 2008, Magistrate Judge Levy directed American to submit "a

from Christine W. Wong) at 1; Docket Entry #23 (Jan. 17, 2008 Letter from Randy M. Friedberg) at 1-3.

Discovery closed on June 30, 2007, as per the scheduling order issued by Magistrate Judge Levy. As of that date, American had disclosed two potential witnesses, George Houraney and Jill Harth, and advised that it intended to retain the services of an expert witness. American was unable to find an expert who was willing to testify, and never advised the Court or Mana of any additional witnesses prior to the close of discovery. On July 11, 2007, in a conference before Magistrate Judge Levy, both parties acknowledged that discovery was closed. *See* Docket Entry #13 (Minute Entry for Proceedings). American did not seek an extension of the discovery cutoff or indicate that it intended to submit further evidence.

According to American's principal, in April or May 2007, before the close of discovery, American decided to seek "regular individuals" (i.e., non-experts) to use American's cosmetics and submit affidavits regarding the impermanency of the logos printed on the products. Houraney Aff. ¶¶ 8-9. The affidavits from these "regular individuals" were collected beginning in August 2007. American informed no one of its intentions to rely on these affidavits until November 16, 2007 – four and a half months after the close of discovery, and approximately three months after it had begun collecting the affidavits – when, in a conference with the Court, American first mentioned the affidavits. *See* Docket Entry #18 (Minute Entry for Proceedings). Mana subsequently objected to the belated introduction of these affidavits.

On May 15, 2008, Magistrate Judge Levy directed American to submit "a

letter motion to re-open discovery, explaining the reasons for the request and providing supporting case law and authority." Unnumbered Docket Entry dated May 15, 2008 (Minute Entry for Proceedings). On May 29, 2008, American complied, moving pursuant to Fed. R. Civ. P. 16(b) to reopen discovery to include the affidavits of fourteen additional witnesses; Mana opposed the motion. Magistrate Judge Levy denied American's motion by Memorandum and Order dated September 23, 2008. American timely appealed.

## DISCUSSION

A district court will not reverse a magistrate judge's ruling on a discovery motion unless it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Goss v. Long Island R. Co.*, No. 94 CV 4927, 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) ("[T]he standard of review of [a] [m]agistrate [j]udge['s] . . . denial of [a] motion to reopen discovery is highly deferential.").

Here, the magistrate judge applied the proper legal standard – i.e., that "[a] scheduling order entered by the court 'may be modified only for good cause,'" R&R at 3 (quoting Fed. R. Civ. P. 16(b)(4)), and that "[e]stablishing good cause to modify a scheduling order 'depends on the diligence of the moving party.'" *Id.* (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). In other words, as the magistrate judge correctly stated, "[d]iscovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery." *Id.* (quoting *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001)).

The magistrate judge's application of this standard was not erroneous – let alone *clearly* so. The R&R noted that American did not inform the Court of the existence

3

of the "regular individuals" until approximately four and a half months after discovery closed, even though American "not only had ample opportunity to pursue these additional witnesses during the six-month discovery period, but [in fact] pursued them [as early as April or May 2007] and simply did not inform the court or opposing counsel." R&R at 4 (citing Houraney Aff. ¶ 15). The magistrate judge also noted that American "never requested an extension of discovery or indicated during discovery an intent to exchange further evidence." *Id.* Finally, the magistrate judge observed that American's "actual possession of affidavits for upward of two months before making the instant motion speaks to a lack of diligence." *Id.* (citing Houraney Aff. ¶¶ 13-14). The Court agrees with Magistrate Judge Levy's conclusion that American has not established its diligence, and thus has not shown "good cause" for reopening discovery. Fed. R. Civ. P. 16(b)(4).

On appeal, American raises the novel argument that "it [was] a clear abuse of discretion and clearly erroneous for Magistrate Judge Levy to require the making of a motion to reopen discovery" in the first place. In its Reply Memorandum of Law, American states the following:

> At the request of the defendant, a pre-motion conference was held on November 16, 2008 before Judge Frederic Block, as defendant wished to make a motion for summary judgment. At the conference . . . , statements from fourteen women who used the product were given to Judge Block and defendant's counsel . . . . After reading these statements, Judge Block told [counsel] that he would probably deny the motion for summary judgment in view of the statements from the women . . . . On November 27, 2007 [Mana's counsel] wrote to Magistrate Judge Levy [that] "after the pre-motion conference before Judge Block . . . , the defendant decided not to move for summary judgment in the matter." . . .
>
> Thus, Judge Frederic Block allowed the written testimony of

4

the women to be considered in making his decision . . . .
[Therefore,] Magistrate Judge Levy is in effect overruling Judge
Block's determination.

Pl. Reply Mem. at 3 (internal citations omitted); *see also id.* at 5 ("Judge Frederic Block in stating that he considered the statements of the fourteen women in arriving at the conclusion that he would probably deny a [summary judgment] motion . . . held in effect such testimony was admissible . . . .").

American's argument is without merit. Even assuming this unsworn characterization of the Court's statements is accurate, the Court's hypothetical conjecture at an informal pre-motion conference that it would "probably" deny a motion for summary judgment in light of certain evidence – *if* a motion were to be made – is not a "holding" as to the admissibility of that evidence.[1] In fact, no motion was made, and the Court thus *did not* "mak[e] [a] decision" based on the disputed affidavits. The propriety of American's reliance on the belatedly submitted affidavits at trial was therefore properly before Magistrate Judge Levy.

**SO ORDERED.**

s/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 5, 2009

---

[1] Further, American gives no indication that, at the time it brought the affidavits to the Court's attention, it made the Court aware that the affidavits had not been produced during discovery. Thus, it is all the more unreasonable to interpret the Court's informal comments as a "decision" to accept the affidavits into evidence.

5